IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JEROME KING, SR.,                )
                                 )
            Petitioner,          )
                                 )
vs.                              )    Case No. 09-CV-319-JHP-PJC
                                 )
DAVID PARKER, Warden,            )
                                 )
            Respondent.          )

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Jerome King, Sr., a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 9), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 9 and 10). Petitioner filed a reply (Dkt. # 14). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

On the evening of September 15, 2004, cousins T.W. and L.W. visited the home of Petitioner who was the boyfriend of L.W.'s mother. Both girls were fifteen (15) years old. After they were unable to make telephone contact with an aunt for a ride home, the girls stayed overnight. During the course of the evening, Petitioner provided alcoholic drinks to the girls. When he was alone with L.W., he felt her buttocks, kissed her and tried to put his tongue down her throat. Later, he carried T.W. into his bedroom and had sexual intercourse with her against her will.

As a result of those events, Petitioner was arrested and charged with Second Degree Rape (Count 1) and Lewd Molestation (Count 2), both After Former Conviction of Two or More Felonies,

in Tulsa County District Court, Case No. CF-2005-771. On October 16-19, 2006, Petitioner was tried by a jury. At the conclusion trial, the jury found Petitioner not guilty of Count 2, but guilty of Count 1, after two felony convictions, and recommended a sentence of thirty-two (32) years imprisonment and $10,000 "restitution." On November 2, 2006, the trial judge sentenced Petitioner in accordance with the jury's recommendation, but struck the portion of the verdict imposing "restitution." Petitioner was represented during trial by attorney Steven Vincent.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Andreas T. Pitsiri, Petitioner raised the following propositions of error:

> Proposition 1: Admission of other crimes evidence prejudiced the jury, deprived Mr. King of his fundamental right to a fair trial and warrants reversal of his conviction and sentence.
>
> Proposition 2: Prosecutorial misconduct deprived Mr. King of a fair trial and constituted fundamental error.
>
> Proposition 3: Mr. King was prejudiced by ineffective assistance of counsel.
>
> Proposition 4: Appellant's sentence of thirty-two (32) years imprisonment is excessive, should shock the conscience of this court and should be favorably modified.
>
> Proposition 5: The cumulative effect of all these errors deprived Mr. King of a fair trial.
>
> Proposition 6: This Court should remand Mr. King's case to the District Court of Tulsa County with instructions to correct the judgment and sentence by an order *nunc pro tunc*.

See Dkt. # 19, Ex. 1. In an unpublished summary opinion filed January 22, 2008, in Case No. F-2006-1213 (Dkt. # 19, Ex. 3), the OCCA affirmed the Judgment and Sentence of the trial court, but remanded the case for correction of the Judgment and Sentence, *nunc pro tunc*, to reflect that Petitioner had been convicted of Second Degree Rape in violation of Okla. Stat. tit. 21, § 1114 (2001).

On August 4, 2008, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court claiming that he had been denied effective assistance of counsel. See Dkt. # 19, Ex. 4. By order filed September 10, 2008, the state district court denied post-conviction relief. See Dkt. # 19, Ex. 5, attached "Exhibit # A." Petitioner appealed. By order filed January 12, 2009, in Case No. PC-2008-924, see Dkt. # 19, Ex. 6, the OCCA denied Petitioner's motion to supplement the record and affirmed the denial of post-conviction relief. The OCCA recognized the following "primary allegations" of ineffective assistance of trial counsel: (1) trial counsel "ignored Petitioner's desire to waive a trial by jury in favor of a judge trial"; (2) trial counsel "refused to discuss or entertain [Petitioner's] defense to the charges"; (3) trial counsel "did no investigation what-so-ever"; (4) trial counsel "did not subpoena certain defense witnesses for trial"; and (5) trial counsel "did not adequately prepare Petitioner to testify at trial." Id. The OCCA also discussed Petitioner's claim that his trial counsel suffered from a conflict of interest and that he did not learn of the circumstances underlying the alleged conflict of interest until May of 2008. Id. However, the OCCA barred the claim, finding that Petitioner's allegations "fall far short of establishing that the newly acquired information to which he refers constitutes 'newly discovered evidence' of the type necessary for post-conviction relief." Id. (footnote omitted).

On May 27, 2009, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies four (4) grounds for relief, as follows:

Ground 1: Denied counsel of choice in violation of the Sixth Amendment.

Ground 2: Denied conflict-free assistance of counsel in violation of the Sixth Amendment.

Ground 3: Constructively denied the assistance of counsel inviolation of the Sixth Amendment.

3

Ground 4: Denied the effective assistance of counsel in violation of the Sixth Amendment.

1. Petitioner's counsel, Steven Vincent, did not make any investigation concerning the facts of the case, nor did he make any inquiry upon which to make a determination that no investigation was warranted.

2. Defense counsel failed to even read the police reports concerning the case.

3. The police reports provided that the petitioner was in possession of a gun at the time of the alleged criminal offense.

4. As a direct result of having <u>not</u> read the police reports, defense counsel elicited from the alleged victims that the petitioner had a gun, during cross-examination.

5. The state had elected not to elicit testimony regarding a gun prior to the defense counsel harpooning his own client, the petitioner.

6. The issue of the gun was the sole determining factor upon which the jury decided to find the petitioner guilty, as reflected by their unanswered "jury note."

7. Defense counsel never told or otherwise explained to the petitioner what the "second page" meant.

8. Defense counsel never prepared, nor discussed with petitioner that he would be testifying in his own defense.

9. As a direct result of having not been prepared to testify, petitioner testified that he had prior felony convictions.

10. As a direct result of having not been prepared to testify, petitioner testified that he did have a gun on the night in question.

11. The issue of the petitioner being a felon in possession of a gun was the reason the jury found him guilty of one charge, but not the other.

12. Defense counsel never moved to exclude the alleged DNA evidence and testimony upon the extraordinarily <u>low</u> DNA match of "one in thirty-nine million."

13. Defense counsel did not insist that the "jury note" be answered in open court as required by statute.

14. Had defense counsel acted upon the "jury note" petitioner would have had an opportunity to review the police statements from alleged victim (L.W.) and then learned that their [sic] was no mention of a gun.

15. As a direct result of having not been prepared to testify, petitioner gave inconsistent answers, due to confusion, which gave the appearance that he was a liar.

16. Had the petitioner been prepared to testify, he would not have been convicted.

17. Petitioner has diligently sought his transcripts, without success, in order to provide specific instances to support these claims.

18. Petitioner has diligently sought the police reports and other discovery, without success, in order to support these claims.

19. Petitioner's trial attorney, Steven Vincent, refuses to provide petitioner with a financial accounting, and the Bar Association refuses to order him to provide a full accounting.

20. At the time petitioner mailed his pro se motions to the Tulsa County District Court Clerk, he also mailed copies to Steven Vincent.

21. When Mr. Vincent received (2) two of the pro se motions, attached hereto as Exhibits (1) and (2), he actually personally scoffed about them to me, and assured me the judge would ignore them.

22. When the judge called me to testify, Mr. Vincent never told me that I didn't have to. If I had known I had a choice, I would not have testified.

See Dkt. # 1. As part of his petition, Petitioner also appends a one-page list of the six (6) claims adjudicated by the OCCA on direct appeal. Id., attached list. However, he provides no factual support for the claims and fails to explain how he is entitled to habeas corpus relief under 28 U.S.C.

5

§ 2254(d) as to those claims. Id. In response to the petition, Respondent asserts that Petitioner's claims do not justify relief under 28 U.S.C. § 2254(d), or are procedurally barred. See Dkt. # 9.

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted his state court remedies as to "some of the grounds raised." See Dkt. # 19, ¶ 4. Respondent further contends that some claims of ineffective assistance of counsel have never been presented to the OCCA but that in light of the procedural posture of this case, it would be futile to require Petitioner to return to state court to exhaust the claims by filing a second application for post-conviction relief. The Court agrees and finds that Petitioner has exhausted available state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S.

6

362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

**1. Ineffective assistance of trial counsel**

As part of his fourth ground of error, Petitioner asserts, as he did on direct appeal, that trial counsel provided ineffective assistance during cross-examination of the victims when he elicited from them that Petitioner was in possession of a gun on the night of the incident. In its summary opinion affirming Petitioner's conviction and sentence, the OCCA cited Strickland v. Washington, 466 U.S. 668 (1984), and ruled as follows:

> Appellant first contends defense counsel improperly introduced other crimes evidence when he cross-examined witnesses on whether they saw the defendant on the night of the crime with a baseball bat, knife, or gun. Essentially, Appellant argues that there was no apparent benefit in mentioning the gun and that any associated prejudice of its mention caused the jury to impose a more severe punishment. Counsels' decision to mention the gun is evident from review of the record. Appellant's sub-proposition is without merit.

(Dkt. # 19, Ex. 3 at 6-7 (footnotes omitted)). In footnote 6 of the summary opinion, the OCCA described trial counsel's strategic attempts to discredit the victims' credibility and to demonstrate that the victims did not fear being shot if they did not assent to Petitioner's advances. Id. at 7 n.6.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's unreasonably applied Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below

7

the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel's performance must be "completely unreasonable" to be constitutionally ineffective, "not merely wrong." Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997). To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

Based on the trial record, the Court finds Petitioner has failed to satisfy the deficient performance prong of the Strickland standard. Defense counsel's efforts to discredit the victims' credibility was within the realm of sound trial strategy in the face of overwhelming evidence of Petitioner's guilt.[1] The trial transcripts reflect that L.W. mentioned the gun in her written statement

---

[1] The jury heard the testimony of the victims, T.W. and L.W., their aunt, Tameka Johnson, the SANE nurse examiner, Deborah Edgmon, the Tulsa police officers involved in the case, and the forensic scientists responsible for testing the physical evidence, including DNA evidence. The victims' testimony was strong and consistent. See Dkt. # 10-10, Tr. Trans. at 21-86; 10-7, Tr. Trans. at 329-401; 10-8, Tr. Trans. at 402-412. The SANE nurse testified that she observed a small tear in T.W.'s posterior fourchette and that the tear was consistent with the history provided by T.W. Id. at 443, 452, 470. She also observed "lots of white

8

to police. See Dkt. # 10-10, Tr. Trans. at 80. Trial counsel's questioning of the victims about the gun may have been an attempt to divert the jury's attention from the gun evidence by broaching the subject first and attempting to use the victims' testimony to establish that Petitioner did not threaten them with the gun or other weapons. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

## 2. Appended list of direct appeal claims

The Court recognizes that Petitioner attaches to his petition a list of the claims raised on direct appeal. However, he provides no factual support for the claims and makes no effort to explain how he is entitled to relief under § 2254(d). Although the Court is obligated to construe Petitioner's *pro se* petition liberally, the Court is not required to craft Petitioner's arguments for him where his allegations are merely conclusory and without factual averments. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). Petitioner has offered no argument suggesting that the OCCA's adjudication of these claims was "contrary to, or involved an unreasonable application of, clearly established Federal law as

---

fluid" consistent with semen in T.W.'s vaginal vault. Id. at 450. Valerie Fuller, the DNA analyst, testified that she compared DNA obtained from T.W.'s vaginal swabs to DNA obtained from buccal swabs taken from Petitioner. Id. at 486-87. Based on that comparison, Petitioner could not be excluded as the contributor of DNA obtained from the vaginal swabs. In addition, she testified that Fraction "B," containing DNA from sperm heads, generated results indicating that the probability of selecting an individual at random who could contribute the DNA profile was 1 in 39,000,000 African Americans. Id. at 488, 490.

determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d). Petitioner's request for habeas corpus relief based on the list of claims raised on direct appeal shall be denied.

**C. Procedural bar**

The remainder of Petitioner's habeas claims are allegations of ineffective assistance of trial counsel. See Dkt. # 1. Grounds 1, 2, and 3, and parts of Ground 4 were first raised on post-conviction appeal, see Dkt. # 9, Ex. 5. Some of the claims raised in Ground 4 have never been presented to the OCCA and are unexhausted. See, e.g., Dkt. # 1, Ground 4, separately numbered paragraphs 12, 19, 20, 21. In affirming the denial of post-conviction relief, the OCCA declined to consider the claims as a result of Petitioner's failure to raise the claims on direct appeal. See Dkt. # 17, Ex. 9. The OCCA specifically determined that Petitioner had failed to set forth sufficient reason for his failure to raise the claims on direct appeal. As to Petitioner's claim based on an alleged conflict of interest, the OCCA rejected Petitioner's argument that he could not have raised the claim on direct appeal because it was based on "newly discovered evidence," finding that Petitioner had failed to demonstrate that "his alleged new evidence, either prior to trial or prior to his direct appeal, was undiscoverable with the use of due diligence." See Dkt. # 9, Ex. 6 at 4. The record also reflects that as part of his post-conviction appeal, Petitioner filed a "motion to supplement record" with information concerning "the ineffectiveness of Petitioner's appellate attorney." Id. However, the OCCA denied Petitioner's "motion to supplement record" because the application for post-conviction relief filed in the state district court did not present a claim of ineffective assistance of appellate counsel. Id.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined or would decline to reach the merits of that

claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes, 46 F.3d at 985; Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, the OCCA imposed a procedural bar on Petitioner's post-conviction claims. See Dkt. # 17, Ex. 9. Citing state law, the OCCA determined that Petitioner had failed to present "sufficient reason" for his failure to raise the claims adequately on direct appeal. Id. at 3. The OCCA's procedural bar, based on Petitioner's failure to raise the claims on direct appeal is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985.

As to the adequacy of the procedural bar imposed by the OCCA, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). In

11

English v. Cody, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit held that "the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court finds that the procedural bar imposed by the OCCA on Petitioner's ineffective assistance of trial counsel claims is adequate to preclude federal habeas review. Petitioner was represented at trial by attorney Steven Vincent. On direct appeal, Petitioner was represented by attorney Andreas Pitsiri. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel during trial proceedings and on direct appeal.

The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. Even if Petitioner's defaulted claims could not all be resolved on the record alone, he has failed to allege with specificity how the Oklahoma remand procedure provided by Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). Petitioner filed a reply to Respondent's response and did not challenge the adequacy of the remand procedure provided by Rule 3.11. As a result, he has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his claims

of ineffective assistance of trial counsel as raised in his post-conviction proceedings are procedurally barred.

As to Petitioner's unexhausted claims of ineffective assistance of counsel, an "anticipatory procedural bar" may be applied to deny an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it. Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007). As stated above, several of Petitioner's claims of ineffective assistance of trial counsel have not been presented to the OCCA, either on direct or post-conviction appeal. As a result, if Petitioner were required to pursue a second application for post-conviction relief, the OCCA would undoubtedly apply a procedural bar, based on petitioner's failure to raise these grounds on direct appeal or in his first application for post-conviction relief. That bar would be an "independent" state ground because state law provides "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Next, as to the adequacy of the anticipatory procedural bar applicable to petitioner's claims of ineffective assistance of trial counsel, the Tenth Circuit Court of Appeals has recognized that a procedural bar imposed on a claim brought in a second application for post-conviction relief that could have been but was not raised in a previous application is adequate to bar habeas review of ineffective assistance of counsel claims. Smallwood v. Gibson, 191 F.3d 1257, 1268 (10th Cir. 1999) (citing Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998)). Thus, Petitioner's multiple defaults of his unexhausted claims of ineffective assistance of trial counsel would result in imposition of a procedural bar adequate to preclude federal review.

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the defaults, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130

13

F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply (Dkt. # 14), Petitioner does not attempt to demonstrate "cause" for his failure to raise his defaulted claims on direct appeal. Instead, he argues that because this Court "is not bound by any AEDPA deference," it may issue the writ of habeas corpus on his defaulted claims of ineffective assistance of trial counsel as raised in grounds 1, 3, and 4. See Dkt. # 14 at 3. Petitioner is correct that under the AEDPA, a state court's adjudication of a constitutional claim is entitled to deference. However, the OCCA did not adjudicate the merits of the claims of ineffective assistance of trial counsel as raised on post-conviction appeal. Instead, the OCCA imposed a procedural bar based on Petitioner's failure to raise the claims on direct appeal. As a result, this Court is precluded from considering the claims unless Petitioner is able to overcome the procedural bar.

In his motion for evidentiary hearing (Dkt. # 6), Petitioner anticipates Respondent's assertion of a procedural bar defense and attempts to demonstrate "cause" by arguing that because his "motion

14

to dismiss attorney of record" was never filed in his criminal case,[2] Tulsa County District Court, Case No. CF-2005-771, his appellate counsel had no way of knowing that Petitioner was dissatisfied with his trial counsel. Petitioner's argument overlooks the fact that Petitioner himself could have informed appellate counsel of any allegation of ineffective assistance of trial counsel that is not contained in the trial record. The Court finds the argument contained in the motion for evidentiary hearing is insufficient to serve as "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). In this habeas corpus action, Petitioner does not claim to be actually innocent.[3] Therefore, he does not fall within the "fundamental miscarriage of justice" exception to the doctrine of procedural bar.

---

[2] The Court has reviewed the docket sheet for Tulsa County District Court, Case No. CF-2005-771. See www.oscn.net. Contrary to Petitioner's allegations, the docket sheet shows that a "pro se motion to dismiss" was filed of record on October 27, 2005, and withdrawn at a motion hearing held February 2, 2006. In addition, the record reflects that Petitioner's "motion for defendant to be granted permission to act as his own co-counsel" was filed on December 20, 2005, or prior to the motion hearing held February 2, 2006. Id.

[3] In his application for post-conviction relief, Petitioner asserted that he was the victim of a scheme devised by his daughter, K.K., who "enlisted the alleged victims, T.W. and L.W., to rob and humiliate him." See Dkt. # 9, Ex. 4 at 8. He claimed that while he was asleep in his bedroom, the alleged victims were engaging in "multiple acts of sexual intercourse with other persons, including caucasians." Id. He further claimed that "at some point, T.W. realized that the petitioner was essentially 'passed out,' [and] she, being unsatiated, chose to commit the felony offense of rape upon the petitioner who was not conscious of what she was doing." Id. at 9. Petitioner does not repeat those claims in his habeas petition.

15

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that the defaulted claims of ineffective assistance of counsel are procedurally barred. Coleman, 510 U.S. at 724. Petitioner is not entitled to habeas corpus relief on those claims.

**D. Certificate of appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the Oklahoma Court of Criminal Appeals was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). In addition, nothing suggests that the Court's ruling resulting in the denial of certain claims on procedural grounds was debatable or incorrect. The

16

record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate judgment shall be entered in this matter.
3. The Clerk of Court shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Tenth Circuit Case No. 11-5067.
4. A certificate of appealability is **denied**.

**DATED** this 25th day of May, 2011.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma